Filed 9/10/13  Tong v. DMV CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SHONG-CHING TONG, | B240416 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS128414) |
| v. | |
| DEPARTMENT OF MOTOR VEHICLES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Ann I. Jones, Judge.  Affirmed.

Law Offices of Stefan Robert Pancer and Stefan Robert Pancer for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Jerald L. Mosley and Gabrielle H. Brumbach, Deputy Attorneys General, for Defendant and Respondent.

_____

The Department of Motor Vehicles (DMV) suspended Shong-Ching Tong's (appellant) driver's license after discovering that appellant was unable to operate a motor vehicle safely because of a lapse of consciousness or control. Approximately 30 days later, after an administrative hearing, the DMV ended (as opposed to vacated) the suspension. Appellant filed a petition for writ of mandate, asking the trial court to vacate or otherwise set aside his driver's license suspension. The trial court denied appellant's petition, and appellant initiated this appeal.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. Appellant's Car Accident and License Suspension

Appellant was driving on the freeway on August 6, 2010, in the afternoon, when his car swerved to the right and he got into an accident. Appellant testified at his administrative hearing that he heard someone calling him from outside of the car and he turned his head; the car then swerved. He was taken to the hospital in an ambulance. A medical doctor completed a confidential morbidity report (CMR), which reflected that appellant had suffered a syncope/seizure while driving.

Based on the information contained in the CMR, the DMV suspended appellant's driving privilege pursuant to Vehicle Code section 13953.[1] The suspension was effective September 13, 2010. Appellant was advised that he could request a hearing.

Appellant requested an administrative hearing, which was conducted on September 28, 2010. After various documents were identified as evidence, appellant testified. He stated that he was involved in a traffic accident on August 6, 2010, at approximately 2:40 p.m. Following the accident, a private ambulance took him to the hospital. He waited in a room to be examined. Eventually, appellant insisted on leaving

---

[1]     Vehicle Code section 13953 provides, in relevant part: "[I]n the event the [DMV] determines upon investigation or reexamination that the safety of the person subject to investigation or reexamination or other persons upon the highways require such action, the [DMV] shall forthwith and without hearing suspend or revoke the privilege of the person to operate a motor vehicle." It expressly provides for the revocation of a driver's license without a prior hearing.

2

the hospital, and a doctor signed a note indicating that he was leaving the hospital against medical advice.

The morning of the accident, appellant had taken medication for high blood pressure, high sugar, and cholesterol. He has type II diabetes. He also has a history of carotid artery disease and congestive heart failure. But, according to appellant, he does not have a history of any lapse of consciousness prior to the accident taking place. He did not have a lapse of consciousness prior to the accident, and he did not otherwise black out or have a seizure. He recalls the entire accident and getting out of the car. He has not lost consciousness since the accident.

He testified that the accident was caused by something other than a loss of consciousness. But, his medications are not to blame as they do not make him dizzy or nervous; they do not cause any tremors or shaking; they do not interfere with his vision; and they do not give him a headache. Appellant believes that the steering wheel was loose, causing the car to turn to the right and onto the slope.

Based on the information brought forth at the hearing, the DMV ended the suspension of appellant's driving privilege through a notice forwarded to appellant on October 14, 2010.

2. Superior Court Proceedings

On September 15, 2010, appellant filed a petition for writ of mandate, seeking an order setting aside the suspension/revocation of his driver's license. According to appellant's first amended petition for alternative writ of mandate, clarified by the parties' opposing memoranda of points and authorities, appellant was seeking a writ, ordering the DMV to set aside the one-month automatic suspension of his driver's license.

After a hearing, on January 18, 2012, the trial court denied appellant's petition. In a thoughtful and thorough order, the trial court reasoned that appellant's initial suspension was mandated by Vehicle Code section 13953. After all, at the time of the accident, the evidence indicated that appellant suffered from a physical condition that imperiled his safety or the safety of other persons on the highways. The trial court also

3

found that the DMV's decision to end the initial suspension of appellant's driver's license—as opposed to setting it aside—was supported by the evidence.

On February 8, 2012, appellant filed objections to the trial court's order. The trial court overruled those objections, noting that they were untimely as they were not filed within 10 days of the DMV filing the proposed judgment.

Judgment was entered, and this timely appeal ensued.

## DISCUSSION

A. *Standard of review*

We review the trial court's legal determinations de novo. (*Roze v. Department of Motor Vehicles* (2006) 141 Cal.App.4th 1176, 1184.) We review the trial court's factual determinations for substantial evidence. (*McDonnell v. Department of Motor Vehicles* (1975) 45 Cal.App.3d 653, 658.)

B. *The trial court did not err*

Applying the foregoing standards of review, we readily conclude that the trial court did not err in denying appellant's petition for an alternative writ of mandate. Ample evidence, namely the CMR prepared by the physician at the hospital after the accident,[2] supports the trial court's determination that the DMV properly, "forthwith[,] and without hearing" suspended appellant's driver's license. (Veh. Code, § 13953.)

In urging reversal, appellant argues that the DMV did not conduct any investigation prior to suspending appellant's driver's license. But, as appellant acknowledges in his opening brief, the DMV had the authority to suspend his driver's license without a hearing pursuant to Vehicle Code section 13953. It necessarily follows that we reject appellant's assertion that the DMV's decision to suspend appellant's driver's license was not supported by any authority.

Furthermore, appellant's due process rights were not violated by the DMV's adherence to the procedure set forth in Vehicle Code section 13953. "The United States

---

[2] There is no evidence to support appellant's unfounded assertion that the CMR was a forgery.

4

Supreme Court has held that due process does not require an administrative hearing prior to revocation of driving privileges where the threat to public safety is sufficiently obvious to justify immediate termination. [Citation.]" (*Pollack v. Department of Motor Vehicles* (1985) 38 Cal.3d 367, 380.) Our Supreme Court is of the same view and has held that suspending or revoking a driver's license without a prior hearing does not violate due process when the action is justified by a compelling public interest. And, the public has a strong interest in maintaining traffic safety. (*Ibid*.; see also *Mackey v. Montrym* (1979) 443 U.S. 1, 19.)

The fact that the hearing officer ended the suspension after 30 days and after a hearing does not mean that the original basis for the suspension was false. Rather, as the trial court determined, while there was sufficient evidence to support the immediate suspension of appellant's driver's license, there was no evidence of an ongoing issue to continue the suspension.

For the first time on appeal, appellant argues that the DMV failed to comply with Vehicle Code section 14105, subdivision (a), by failing to make findings, render a decision, or include a statement of the person's right to review in connection with the DMV's October 14, 2010, order. We agree with the DMV that appellant has forfeited this argument by failing to raise it in the trial court. (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799–800.) Even if we considered this argument on the merits and presumed that the DMV erred, appellant has not argued or demonstrated how that error prejudiced him or why the failure to comply with this statute compels reversal at this stage of the proceedings. (*Leal v. Gourley* (2002) 100 Cal.App.4th 963, 969.)

Appellant further argues that the judgment must be reversed because he timely objected to the proposed judgment. The appellate record is inadequate for us to review this issue. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [appellate court is not required to make an independent, unassisted search of the appellate record].) Appellant does not direct us to the proof of service indicating when and how the proposed judgment was served.

Even if we considered this issue based upon the representations in appellant's opening and reply briefs, appellant still has not met his burden on appeal. According to appellant, the DMV erred by faxing a copy of the trial court's order to appellant's counsel when the parties did not agree to such service. But, a simple review of the January 18, 2012, transcript confirms that appellant's counsel, who "sub[ed] in and out of the case," agreed to accept "hand delivery or facsimile" service on behalf of appellant. There are no grounds for reversal.

Finally, appellant contends that the DMV abused its discretion by suspending appellant's driver's license without holding a hearing and then by failing to vacate the suspension after the DMV had no evidence to support its suspension order. At the risk of sounding redundant, we reiterate: Pursuant to Vehicle Code section 13953, the DMV had the authority to suspend appellant's driver's license without a hearing, and ample evidence supported the DMV's actions.

In light of the foregoing, we conclude that the trial court did not err in denying appellant's petition for an alternative writ of mandate. It follows that appellant is not entitled to recoup any attorney fees and costs.

## DISPOSITION

The judgment is affirmed.  The DMV is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
                ASHMANN-GERST


We concur:


_____, P. J.
      BOREN


_____, J.*
      FERNS

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.